UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION
CIVIL ACTION NO. _____

***ELECTRONICALLY FILED***

| | |
|---|---|
| EVERETT CASH MUTUAL INSURANCE COMPANY | PLAINTIFF |
| V.   **COMPLAINT FOR DECLARATORY RELIEF** | |
| CHRIS EGGLESDEN,<br>EGGLESDEN CONSTRUCTION, LLC<br>KENTUCKY GUARDIANSHIP ADMINISTRATORS, LLC,<br>ADMINISTRATOR OF THE ESTATE OF KHALIL ABDIN,<br>HAITHAM ABDIN, and KATARA ABDIN | DEFENDANTS |

Comes the Plaintiff, Everett Cash Mutual Insurance Company ("Everett Cash"), by counsel, and for its Complaint pleads as follows:

1. Pursuant to 28 U.S.C. § 2201, this is an action to declare the rights and other legal relations of the parties with respect to a policy of insurance issued by Everett Cash to "Chris Egglesden d/b/a Egglesden Construction" with respect to a lawsuit filed against Defendant Chris Egglesden and Defendant Egglesden Construction, LLC by Defendant Kentucky Guardianship Administrators, LLC, Administrator of the Estate of Khalil Abdin, Defendant Haitham Abdin, and Defendant Katara Abdin.

## PARTIES

2. Plaintiff Everett Cash is an insurance company incorporated in the State of Pennsylvania, with its principal place of business in the State of Pennsylvania.

3. Chris Egglesden is a citizen of Kentucky.

4. Egglesden Construction, LLC is a limited liability company incorporated under the laws of the Commonwealth of Kentucky, inactive and in bad standing, with its principal

place of business located in the Commonwealth of Kentucky.

5. Kentucky Guardianship Administrators, LLC, Administrator of the Estate of Khalil Abdin, is a limited liability company incorporated under the laws of the Commonwealth of Kentucky and with its principal place of business located in the Commonwealth of Kentucky.

6. Haitham Abdin is a citizen of Kentucky.

7. Katara Abdin is a citizen of Kentucky.

## VENUE AND JURISDICTION

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the parties between whom there is a controversy are completely diverse, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9. Venue is proper in this judicial district because the acts giving rise to this action occurred in Madison County, Kentucky and the controversy relates to whether the Everett Cash policy provides liability insurance coverage for a civil action lawsuit filed and pending in the Circuit Court of Madison County, Kentucky.

## FACTS

10. A lawsuit is pending against Defendant Chris Egglesden and Defendant Egglesden Construction, LLC (collectively "Egglesden") by Defendant Kentucky Guardianship Administrators, LLC, Administrator of the Estate of Khalil Abdin, Defendant Haitham Abdin, and Defendant Katara Abdin (collectively, "the Abdins") in Madison Circuit Court, Division 2, styled *Estate of Khalil Abdin v. Chris Egglesden, et al.*, Civil Action No. 17-CI-77 (the "Underlying Suit").

11. In the Underlying Suit, the Abdins allege that Khalil Abdin was born April 10, 2014 and died on July 21, 2016 as the result of injuries suffered drowning in a swimming pool

2

located at 1094 Brandy Lane in Richmond, Kentucky.

12. In the Underlying Suit, the Abdins allege that Egglesden created an unreasonably dangerous condition around said swimming pool and failed to comply with applicable state and local building codes and, as such, was negligent per se and under common law.

13. In the Underlying Suit, the Abdins seek monetary damages from Egglesden for wrongful death and loss of parental consortium.

14. Egglesden has requested that Everett Cash provide a defense and indemnification in the Underlying Suit pursuant to Small Contractors Policy, Policy No. SCP94726, to "Chris Egglesden d/b/a Egglesden Construction," effective February 5, 2013 through February 5, 2014 ("Everett Cash Policy"), a true and accurate copy of which is attached hereto as **Exhibit A**.

15. The Everett Cash Policy lists bodily injury liability coverage $1,000,000 per occurrence, medical payments to others coverage in the amount of $5,000 per person, and products/completed work coverage in the amount of $1,000,000 per occurrence.

16. A renewal notice for the Everett Cash Policy for the policy period of February 5, 2014 through February 5, 2015 was issued and mailed to "Chris Egglesden d/b/a Egglesden Construction" on December 19, 2013, along with an invoice for the premium payment advising that the same was to be mailed or set up for automatic bank withdrawal by January 21, 2014. A true and accurate copy of said renewal notice is attached as **Exhibit B**.

17. On February 12, 2014, a notice of cancellation of the Everett Cash Policy was issued, reflecting that the policy was cancelled as of February 28, 2014 for non-payment of premium. A true and accurate copy of said notice of cancellation is attached as **Exhibit C**.

18. The Everett Cash Policy provides, in part, Form GL200e10 at 2-5, 7-8:

**DEFINITIONS**

1. The words **you** and **your** mean the person, persons or organization named as the insured on the **declarations**.
. . .
6. **Bodily injury** means bodily harm, sickness, or disease sustained by a person and includes required care and loss of services. **Bodily injury** includes death that results from bodily harm, sickness, or disease. **Bodily injury** does not include mental or emotional injury, suffering, or distress that does not result from a physical injury.

. . .

12. **Insured** means:
    a. **you** and **your** spouse, but only with respect to the conduct of a business of which you are the sole owner, if shown on the **declarations** as an individual;
    
    . . .
    
    **Insured** also includes:
    . . .
    
    e. any organization (other than a joint venture or a partnership) newly acquired or formed by **you**, and in which **you** have a majority interest.
    
    Such an organization is not an **insured**: . . .
    1) if there is other similar insurance available to it;
    2) after 90 days immediately following that acquisition or formation or the end of the policy period, whichever is earlier;
    3) for **bodily injury** or **property damage** that occurred prior to the acquisition or formation;

. . .

16. **Occurrence** means an accident and includes repeated exposure to similar conditions.

. . .

18. **Products/completed work hazard** –
    a. **Products hazard** means **bodily injury** or **property damage** occurring away from premises **you** own or rent and arising out of **products** after physical possession of the **products** has been relinquished to others.
    b. **Completed work hazard** means **bodily injury** or **property damage** occurring away from premises **you** own or rent and arising out of **your work**. It does not include work that has not yet been completed, or that has not been abandoned.

4

. . .

**PRINCIPAL COVERAGES**

**COVERAGE L – BODILY INJURY LIABILITY
              PROPERTY DAMAGE LIABILITY**

**We** pay all sums which an **insured** becomes legally obligated to pay as **damages** due to **bodily injury** or **property damage** to which this insurance applies. The **bodily injury** or **property damage** must be caused by an **occurrence** which takes place in the **coverage territory**, and the **bodily injury** or **property damage** must occur during the policy period.

**COVERAGE M – MEDICAL PAYMENTS**

1. **We** pay the medical expenses defined below for **bodily injury** caused by an accident:
    a. on premises **you** own or rent;

    b. on ways adjacent or next to premises **you** own or rent; or

    c. arising out of **your** operations.

2. **We** pay such expenses regardless of fault but only if:

    a. they arise out of an accident that occurred in the **coverage territory** and during the policy period; and

    b. they are incurred and reported within one year of the accident.

. . .

**COVERAGE N – PRODUCTS COMPLETED WORK**

**We** pay all sums which an **insured** becomes legally obligated to pay as **damages** due to **bodily injury** or **property damage** arising out of the **products/completed work hazard** to which this insurance applies. The **bodily injury** or **property damage** must be caused by an **occurrence** which takes place in the **coverage territory**, and the **bodily injury** or **property damage** must occur during the policy period.

. . .

**EXCLUSIONS**

We do not pay for a loss if one or more of the following excluded events apply to the loss, regardless of other causes or events that contribute to or aggravate the loss, whether such causes or events act to produce the loss before, at the same time as, or after the excluded event.

**EXCLUSIONS THAT APPLY TO BODILY INJURY, PROPERTY DAMAGE, PERSONAL INJURY, AND/OR ADVERTISING INJURY**

. . .

9. **We** do not pay for **bodily injury** or **property damage** included within the **products/completed work hazard**, except as covered under Coverage N.

## REQUEST FOR DECLARATORY JUDGMENT

19. Plaintiff incorporates by reference as if set forth fully herein every averment contained in the preceding paragraphs.

20. The Everett Cash Policy does not provide coverage for the claims asserted against Egglesden in the Underlying Suit as the Underlying Suit does not allege or concern bodily injury, an accident, or an occurrence that took place during the policy period of the Everett Cash Policy.

21. The Everett Cash Policy does not provide coverage for the claims asserted against Defendant Christopher Egglesden, LLC because it does not meet the definition of an "insured" under the Everett Cash Policy.

22. Plaintiff reserves the right to assert any term, condition, exclusion and/or other provision of the Everett Cash Policy that may be applicable to any claim arising out of the facts of the Underlying Suit.

23. The dispute between Egglesden and Everett Cash pertaining to Egglesden's request that Everett Cash defend and indemnify it in the Underlying Suit is an actual controversy within the jurisdiction of this Court. Everett Cash seeks a final judgment declaring the rights and obligations of the parties regarding the coverage provided to Egglesden in the Underlying Suit.

24. The Defendants are joined in this action so that all parties having an interest in the Underlying Suit and the coverage controversy will have an opportunity to be heard and will be bound by the declaration of the parties' rights and obligations.

WHEREFORE, Everett Cash demands the entry of a judgment declaring that the Everett Cash Policy does not obligate Everett Cash to defend or indemnify Egglesden with respect to incident that is the subject of the Underlying Suit, its costs herein expended, trial by jury on all issues of fact so triable, and all other relief that the Court may deem appropriate.

Respectfully submitted,

STURGILL, TURNER, BARKER
& MOLONEY, PLLC

BY: /s/ *Jamie Wilhite Dittert*
Ernest H. Jones II
Jamie W. Dittert
333 West Vine Street, Suite 1500
Lexington, Kentucky 40507
(859) 255-8581
hjones@sturgillturner.com
jdittert@sturgillturner.com
ATTORNEY FOR PLAINTIFF,
EVERETT CASH MUTUAL INSURANCE
COMPANY

x:\wdox\clients\65591\0001\pleading\00857477.doc

7